UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80158-Civ-SCOLA

YVES REMEUS,

    Plaintiff,
vs.

WASTE MANAGEMENT INC. OF FLORIDA,

    Defendant.
_____/

## Order Dismissing Case with Prejudice

Because Plaintiff Yves Remeus's claim is untimely the Court **grants** Defendant Waste Management Inc. of Florida's (Waste Management) Motion to Dismiss (ECF No. 10) and **dismisses** the case with prejudice.

**A. Background**

On June 22, 2011, Remeus, along with seventy-eight other plaintiffs, filed suit against Waste Management in *Ulysse, et al. v. Waste Management Inc. of Florida*, Case No. 11-cv-80723, alleging claims of race and national origin discrimination under Title VII of the Civil Rights Act of 1964. (*See* 11-cv-80723, ECF No. 1.) Although the plaintiffs filed a joint complaint, they each sought individual relief specific to the alleged discrimination against them.

Conducting a trial with seventy-nine plaintiffs—where each plaintiff is asserting independent claims—would be unmanageable. So, on September 13, 2013, the Court granted Waste Management's motion to sever, and ordered that:
    a. All Plaintiffs' claims in this action shall be SEVERED INTO INDIVIDUAL ACTIONS, one for each named Plaintiff[; and]
    b. Within thirty (30) days of this Order, each Plaintiff shall file a separate complaint through CM/ECF, setting forth specific allegations regarding his claim of discrimination. Each Plaintiff shall be required to pay a filing fee.

(11-cv-80723, ECF No. 381.) Based on this order, each plaintiff was required to file his complaint by October 21, 2013.[1]

---

[1] Rule 6 of the Federal Rules of Civil Procedure sets forth the rules for computing a time period specified in a court order. In calculating this date, the Court excluded October 13, 2013, the date that triggered the 30-day period,

Remeus filed the Complaint in this action on February 2, 2014. (ECF No. 1.) In the Complaint currently before the Court, Remeus asserts the Title VII discrimination claim that he previously asserted in the *Ulysse* action.

Waste Management raises two arguments in its Motion to Dismiss the Complaint. First, it argues that Remeus's claim is barred by the statute of limitations. In the alternative, Waste Management requests that this Court dismiss the Complaint as a sanction for Remeus's repeated failure to abide by court orders. In response, Remeus argues that, under the relation-back doctrine, his Complaint is timely. He also argues that the Court cannot consider pleadings from the *Ulysse* matter when ruling on this Motion. Because the Court finds that Remeus's Complaint is time-barred, the Court will not address Waste Management's request for sanctions.

### B. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all of a complaint's well-pled factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the Rule does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets, internal citation, and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* So a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will be dismissed. *Id.*

Faced with a motion to dismiss, a court should therefore "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation marks omitted). Moreover, "courts may infer from the factual allegations in the complaint obvious alternative explanations, which

---

and added three additional days because the order was served by electronic means. *See* Fed. R. Civ. P. 5(b)(2)(E), 6(a)(1)(A), and 6(d).

suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (brackets and internal quotation marks omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010) (internal quotation marks omitted). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011).

### C. The Complaint is Untimely

First, the Court rejects Remeus's contention that it cannot consider pleadings from the *Ulysse* action when ruling on a motion to dismiss. Courts may take judicial notice of pleadings from another lawsuit without converting a motion to dismiss into a motion for summary judgment. *Horne v. Potter*, 392 Fed. App'x 800, 802 (11th Cir. 2010). The Court therefore takes judicial notice of the pleadings from the *Ulysse* matter as public records. *Id.*

The Court now turns to the merits of the Motion. Under Title VII, a plaintiff must file his complaint within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission. *Miller v. Georgia*, 223 Fed. App'x 842, 844 (11th Cir. 2007). The general rule in the Eleventh Circuit is that the dismissal of a Title VII complaint without prejudice does not allow a later complaint to be filed outside the statute of limitations. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004); *see also Williams v. Ga. Dep't of Def. Nat'l Guard Headquarters*, 147 Fed. App'x 134, 135-36 (11th Cir. 2005) (declining to equitably toll the limitations period where the plaintiff voluntarily dismissed his initial timely Title VII action).

Remeus received his right-to-sue letter around April 4, 2011, and timely filed a complaint in the *Ulysse* matter. When Remeus's claim was severed from the *Ulysse* action in September 2013, the limitations period had expired. The Court essentially tolled the statute of limitations for thirty days to allow Remeus and seventy-seven other plaintiffs to file new complaints. Remeus's Complaint, filed outside of that thirty-day period and more than two years after Remeus received his right-to-sue letter, is untimely.

Remeus argues that the relation-back doctrine, under Rule 15(c) of the Federal Rules of Civil Procedure, saves his Complaint from being dismissed as untimely. Not so. In limited circumstances, Rule 15(c) permits amendments to pleadings that "relate back" to the date of the original pleading. But Rule 15(c) applies to amended pleadings in the *same* action as the original, timely pleading; the pleading sought to be amended may not be a pleading filed in a

new and different case. *Abram-Adams v. Citigroup, Inc.*, 491 Fed. App'x 972, 975 (11th Cir. 2012); *Dade Cnty v. Rohr Indus., Ind.*, 826 F.2d 983, 989 (11th Cir. 1987); *see also Velez-Diaz v. U.S.*, 507 F.3d 717, 719 (1st Cir. 2007); *Carter v. Texas Dep't of Health*, 119 Fed. App'x 577, 581 (5th Cir. 2004); *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989).

Nor can the equitable tolling doctrine rescue his untimely complaint. "Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Bost*, 372 F.3d at 1242 (internal quotation marks omitted). The plaintiff must establish that tolling is warranted. *Id.* Tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent. *Id.* Indeed, it is only appropriate when an untimely filing is due to "*extraordinary circumstances that are both beyond his control and unavoidable even with due diligence.*" *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)) (emphasis in original).

Remeus offers the Court no extraordinary circumstances to justify this late filing. Remeus and his counsel (also counsel for all plaintiffs in the *Ulysse* action) simply did not act diligently in initiating this action.

### D. Conclusion

Remeus's Complaint (ECF No. 1) is time-barred. It is therefore **ordered** that Waste Management's Motion to Dismiss (ECF No. 10) is **granted**. This case is **dismissed** with prejudice. The Clerk is directed to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on March 31, 2014.

_____
**Robert N. Scola, Jr.**
**United States District Judge**